**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

FRED C. LOLLIS and                )
ROSEMARY A. LOLLIS,               )
                                  )        Case No. 15-CV-352-JED-FHM
              Plaintiffs,         )
                                  )
v.                                )
                                  )
JUDGE DORIS LEWIS FRANSEIN,       )
                                  )
              Defendant.          )

## OPINION AND ORDER

Before the Court are Plaintiffs' Complaint (Doc. 1) and Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Doc. 2). Fred and Rosemary Lollis ("Plaintiffs") assert little more than that their children were improperly and illegally removed from their custody. Plaintiffs have not identified specific causes of action or provided detailed allegations regarding the defendant, Tulsa County District Judge, Doris L. Fransein ("Defendant" or "Judge Fransein"), aside from failing to provide a "shelter care hearing" and references to a litany of alleged wrongs committed by the Defendant, such as "fraud upon the court, conspiracy to kidnap" and "no opportunity to be heard." (Doc. 1, p. 1 and 2).

This is the fifteenth Complaint filed in this Court by Plaintiffs within the last sixty days. (*see Lollis v. Kunzweiler et al.*, No. 15-CV-245-CVE-PJC; *Lollis v. State of Okla. et al.*, No. 15-CV-246-GKF-TLW; *Lollis v. CPS/DPS et al.*, No. 15-CV-247-JED-FHM; *Lollis v. Dezhnyuk*, No. 15-CV-248-JHP-PJC; *Lollis v. City of Bixby*, No. 15-CV-249-JED-FHM; *Lollis v. Wells*, No. 15-CV-251-JED-PJC; *Lollis v. Porter*, No. 15-CV-253-TCK-FHM; *Lollis v. Johnson*, No. 15-CV-254-JHP-FHM; *Lollis v. Tulsa Police Department*, No. 15-CV-279-CVE-TLW; *Lollis v. Judge Doris Fransein et al.*, No. 15-CV-280-TCK-PJC; *Lollis v. Torres, et al.*, No. 15-CV-290-

JED-PJC; *Lollis v. Motel 6*, No. 15-CV-291-GKF-PJC; *Lollis v. Tulsa County DA et al.*, No. 15-CV-303-GKF; and *Lollis v. Lake, et al.*, No. 15-CV-351-JHP-PJC), ten of which have been dismissed. The instant case will be the eleventh of the Plaintiffs' dismissals. Plaintiffs' factual allegations are as follows:

> Fraud upon the court, conspiracy to kidnap, lying under oath, wrong jurisdiction no due process, canon law violation, 4th & 14th Amendment, no shelter care hearing title 18 USC Section 242 under color of law wrong jurisdiction lacking due process, canon law 2,(2,9)(A)(1)(A) no power to make orders Fundamental Rights Violation, Failure to have a shelter care hearing 72 hours after pick up of children. No authority to remove children without finding parents unfit first, can't deprive us from our kids till you find us unfit, lack of summons served, deprived us & our children of due process, state may not interfere in how a childs rearing decisions if a fit parent is available, children were removed before there was a hearing without notice, Ex parte hearing based on misrepresentation & omission does not constitute notice & an opportunity to be heard. No shelter care hearing should have returned children – lacks due process. Under the Court no state is allowed to make any law that would take away fundamental constitution on Rights of "We the People" there is enough Supreme Court cases laws to choke a horse on parental rights.

> 14th Amentment kids & parents are guaranteed not to be seperated without due process. Mabe v. San Bernardino Cnty Dept of Pub Soc Serves

> 4th Amendment from taking custody of children away from their parents without a court order & in the absence of imminent danger.

> Removals are illegal & unconstitutional.

> Failed to have the emergency order handed to us in court 3/25

(*Id.* at 1-3). The relief sought by Plaintiffs is "1 million plus [Judge] Doris [Fransein] disbarred for violation of Constitution and Canon laws." (Doc. 1, p. 2).

Plaintiffs seek to commence the action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit ... without prepayment of fees ... by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the

person is unable to pay such fees."[1]  In enacting § 1915(a), Congress intended to provide indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.*  To prevent frivolous filings, the statute authorizes a court to sua sponte dismiss a case filed *in forma pauperis* where the action is frivolous or malicious, the plaintiffs have failed to state a claim upon which relief can be granted, the defendant is entitled to immunity, or the plaintiff has included false allegations of poverty. *See* 28 U.S.C. § 1915(e)(2); *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000).

While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Plaintiffs assert that the Court has jurisdiction pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 242, and the "4[th] & 14th Amendment" [sic] to the United States Constitution.  (Doc. 1 at C. 1). There is no private civil right of action for a violation of 18 U.S.C. § 242, which is a criminal statute that provides for criminal penalties for certain civil rights deprivations.  *See Newcomb v.*

---

[1]  Despite the statute's reference to "prisoner," it applies to all persons who apply for *in forma pauperis* status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013).

*Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987); *Larsen v. Larsen*, 671 F. Supp. 718, 718 (D. Utah 1987) (finding no private right of action under 18 U.S.C. §§ 241 and 242). Consistent with the prior rulings, the Court hereby dismisses any alleged claim brought under 18 U.S.C. § 242.[2] While Plaintiffs have globally alleged violations of their rights under the Fourth and Fourteenth Amendments, the facts that they have alleged in their Complaint – or, more accurately, the paucity of facts provided – do not state any colorable claim under those Amendments that could be pursued under 42 U.S.C. § 1983.

Plaintiffs' other basis for jurisdiction, 42 U.S.C. § 1983, does not provide an independent basis for subject-matter jurisdiction. However, Plaintiffs could be alleging a claim for violation of their federal constitutional rights which could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's complaint. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The Complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Collins v. Cnty. of Johnston, Kan.*, 2001 WL 950259, at *1 (D. Kan. July 12, 2011) (quoting *Martinez v. U.S. Olympic Comm'n*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

---

[2] Plaintiffs' reliance upon 18 U.S.C. § 242 has already been rejected in several of the Plaintiffs' prior filings. *See, e.g.*, *Lollis v. Rene Torres, et al.*, No. 15-CV-290-JED-PJC; *Lollis v. Kunzweiler, et al.*, No. 15-CV-303-GKF-FHM; Likewise, Plaintiffs' references to a "Shelter Care hearing" have been rejected in prior Orders (*see, e.g.*, *Lollis v. CPS/DHS*, No. 15-CV-247-JED-FHM; *Lollis v. Jermainie Johnson*, No. 15-CV-254-JHP-FHM), and it will not be further considered here.

Although § 1983 provides a cause of action against state actors for violation of constitutional rights, *Becker v. Kroll*, 494 F.3d 904, 913 (10th Cir. 2007), Plaintiffs' allegations do not support a finding that Judge Fransein violated Plaintiffs' constitutional rights. Again, Plaintiffs' allegations against Judge Fransein appear to relate to actions taken by her in the course of a child-removal proceeding.[3] Judge Fransein has absolute judicial immunity from § 1983 liability when performing judicial functions. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).[4] Accordingly Plaintiffs have not alleged a colorable federal claim against Defendant, and the Court lacks subject matter jurisdiction over this case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (federal courts cannot exercise federal question jurisdiction over a case without the existence of a colorable claim arising under federal law).

It is abundantly clear that the undersigned, and all other judges of this Court, have repeatedly dismissed related cases upon determining that similar allegations did not state colorable federal claims. Once again, construing the Complaint in this case liberally, as we must, in light of Plaintiffs' pro se status, the Plaintiffs' allegations do not state a colorable federal claim. As a result, the Court lacks subject matter jurisdiction over this case. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (federal court cannot exercise federal question jurisdiction over a case absent a colorable claim arising under federal law). The case should be dismissed under § 1915(e)(2) for failure to state any federal claim upon which relief can be granted.

---

[3] The Court has examined each of the fifteen "Complaints," all of which relate in some way or another to events which suggest a minor's removal proceedings.

[4] The Honorable Terence C. Kern has already clearly determined that "Judge Fransein has absolute[ ] judicial immunity from § 1983 liability when performing judicial functions." *See Lollis v. Judge Doris Fransein et al.*, No. 15-CV-280-TCK-PJC, at Doc. 3, p. 4.

IT IS THEREFORE ORDERED that Plaintiffs' claims are dismissed and Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is denied as moot.

ORDERED this 1st day of July, 2015.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE